RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

L.D. MANAGEMENT COMPANY; AMERICAN PRIDE IX, INC., dba Lion's Den Adult Superstore,

    *Plaintiffs-Appellees*,

        *v.*

JIM GRAY, in his official capacity as Secretary, Kentucky Transportation Cabinet,

    *Defendant-Appellant*.

No. 20-5547

───────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:18-cv-00722—Justin Reed Walker, District Judge.

Argued: January 29, 2021

Decided and Filed: February 16, 2021

Before: SUTTON, BUSH, and MURPHY, Circuit Judges.

───────────────

**COUNSEL**

**ARGUED:** Kyle W. Ray, KENTUCKY TRANSPORTATION CABINET, Lexington, Kentucky, for Appellant. J. Michael Murray, BERKMAN, GORDON, MURRAY & DEVAN, Cleveland, Ohio, for Appellees. **ON BRIEF:** Kyle W. Ray, KENTUCKY TRANSPORTATION CABINET, Lexington, Kentucky, William H. Fogle, KENTUCKY TRANSPORTATION CABINET, Frankfort, Kentucky, for Appellant. J. Michael Murray, Steven D. Shafron, BERKMAN, GORDON, MURRAY & DEVAN, Cleveland, Ohio, for Appellees. Thomas FitzGerald, KENTUCKY RESOURCES COUNCIL, INC., Frankfort, Kentucky, for Amicus Curiae.

———————————

**OPINION**

———————————

SUTTON, Circuit Judge.  Lion's Den displays a billboard, affixed to a tractor-trailer, on a neighbor's property that advertises its nearby adult bookstore.  Kentucky's Billboard Act prohibits such off-site billboards when, as in this case, the advertisement is not securely affixed to the ground, the sign is attached to a mobile structure, and no permit has been obtained.  None of these requirements applies to an on-site billboard advertisement, and the Act applies equally to commercial and non-commercial speech on billboards.  In response to a First (and Fourteenth) Amendment challenge to the Act, the district court prohibited the Commonwealth from enforcing its law.  We affirm, as the Billboard Act regulates commercial and non-commercial speech on content-based grounds and is not tailored to achieve Kentucky's purported interests.

I.

Lion's Den runs an adult superstore in Upton, Kentucky.  Located just off Exit 251 on Interstate 65, the store sells "books," "magazines," and other items not worth belaboring.  R.23-1 at 1–2.  Over half of its business comes from interstate drivers.

To catch the attention of potential customers, Lion's Den placed a billboard on nearby property at Exit 251.  Affixed to a semi-tractor trailer, the sign reads "Lion's Den Adult Superstore Exit Now."  R.21-2 at 1.  The trailer is parked on land owned by a former employee of Lion's Den, who rents the space to the company.

The sign caught the attention of customers and non-customers alike.  One non-customer was the Kentucky Department of Transportation, which ordered Lion's Den to remove the sign. As the Department saw it, the sign violated the Kentucky Billboard Act, which imposes special requirements on roadside billboards that advertise off-site activities, those offered off the property on which the billboard is located.  These requirements apply to commercial and non-commercial speech and do not apply to on-site billboards.

Lion's Den sued the Commonwealth in federal district court, claiming the Billboard Act violated the First Amendment and seeking an injunction against its enforcement.  The district court agreed and granted summary judgment to Lion's Den.  It declared the Billboard Act unconstitutional on its face and as applied to Lion's Den.

II.

At stake is whether the Kentucky Billboard Act "abridg[es] the freedom of speech" in violation of the First (and Fourteenth) Amendment.  U.S. Const. amend. I.  *Reed v. Town of Gilbert* frames the inquiry.  576 U.S. 155 (2015).  It concerned a sign code that imposed limitations on some signs but not others.  The code placed special restrictions on signs that directed people to certain events but did not apply those restrictions to other signs, including those related to elections.  *Id.* at 159–61.

What matters under *Reed* is whether a regulation's restrictions are content based.  If yes, strict scrutiny applies.  *Id.* at 166; *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 703 (6th Cir. 2020).  If no, a less rigorous form of review applies.  *Reed*, 576 U.S. at 166.

A law may be content based because the regulation turns on "the topic discussed or the idea or message expressed."  *Id.* at 163.  Even if neutral on its face, the law may also be content based because the regulation turns on the government's "disagreement with the message [the speech] conveys," what is often called viewpoint discrimination.  *Id.* at 164 (quotation omitted).

The Billboard Act triggers skeptical review based on the first problem, that the regulation turns on the "topic discussed."  Consider the topic-based distinctions drawn by the Act. Billboards that advertise off-site activities require a permit.  603 Ky. Admin. Regs. 10:010 § 7(2) (2020).  But billboards that advertise on-site activities do not.  Billboards that advertise off-site activities must be securely fixed to the ground.  *Id.* § 1(4)(d).  But billboards that advertise on-site activities need not be.  Billboards that highlight off-site events may not be placed on mobile structures, like semi-tractor trailers.  *Id.* § 1(4)(m).  But billboards that advertise on-site activities need not follow the same rule.  In more ways than one, the Act differentiates between billboards advertising off-site activities and those advertising on-site activities.  *See* Ky. Rev. Stat. § 177.860 (West 2020); *id.* § 177.863(2)(d).

Now look at the problem from the other direction. Consider some ways in which the Commonwealth would treat Lion's Den differently if it advertised on-site activities. It could put up a sign that said "This Land for Sale." Or one that said "Pumpkin Picking this Weekend." Or one that said "Used Tractor Trailer for Sale." Or one that said "This Billboard Space for Rent." Or one that said "Register to Vote" here (if that were true). To each of these advertisements the Billboard Act's restrictions would not apply. Because the message on the billboard makes all the difference, the Act amounts to a content-based regulation of speech.

Our court has traveled this way before. Just last year, we held that an "on-premises exception" applicable to commercial and non-commercial speech alike in Tennessee's Billboard Act made it content-based. *Thomas v. Bright*, 937 F.3d 721, 729 (6th Cir. 2019). Deciding whether the exception should apply, we said, would require reading the sign's message and determining its meaning or purpose. *Id.* at 730. No material difference exists between the two laws. Perhaps for that reason, the Commonwealth conceded below that the Kentucky Act regulated speech based on its content.

Because the Billboard Act is content based on its face, it survives only if it runs the gauntlet of strict scrutiny. *Reed*, 576 U.S. at 166. Kentucky must show that the Act's "differentiation" between on-site and off-site signs "furthers a compelling governmental interest and is narrowly tailored to that end." *Id.* at 171. Narrowly tailored speech restrictions do not include "underinclusive" laws, which permit "appreciable damage to [a] supposedly vital interest." *Id.* at 171–72.

The Billboard Act does not measure up to this ruler. While the Commonwealth invokes its interests in safety and aesthetics, *Thomas* did not find those same interests compelling. 937 F.3d at 733–34. Even if that were not the case, even if these interests sufficed in the abstract, the Act leaves untouched other billboards with similar qualities.

Take aesthetics. Billboards about on-site activities pose "no greater . . . eyesore" than billboards about off-site activities. *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 425 (1993). That precise problem doomed Cincinnati's efforts to regulate commercial newsracks differently from noncommercial ones, as our court and the Supreme Court agreed. *Id.*

So also for safety. Kentucky has offered "no reason to believe that [on-site signs] pose a greater threat to safety than do [off-site signs]." *Reed*, 576 U.S. at 172. Kentucky has admitted that Lion's Den's billboard would not affect the State's interests any differently if it discussed on-site activities.

We do not stand alone in our assessment that a billboard law like this one must satisfy strict scrutiny or our assessment that this kind of law fails the test. *Reagan National Advertising of Austin, Inc. v. City of Austin* applied strict scrutiny to a sign code applicable to commercial and non-commercial speech because it treated on-site advertising differently from off-site advertising. 972 F.3d 696, 702 (5th Cir. 2020). When the City of Austin invoked its interests in safety and aesthetics, the Fifth Circuit reasoned, as we do here, that the on-site exception made the sign code fatally underinclusive. *Id.* at 709–10.

Kentucky insists that intermediate scrutiny should apply to the Act because the Lion's Den's billboard contains commercial speech by "proposing a commercial transaction." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978); *see Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980). *Reed* and *Thomas*, it is true, both involved noncommercial speech. But we have held that content-based statutes that sweep in commercial and noncommercial speech alike are subject to strict scrutiny across the board. *Int'l Outdoor*, 974 F.3d at 703, 705. That is just what we have. Because the definition of "Advertising device" under the Billboard Act encompasses noncommercial speech, Ky. Rev. Stat. § 177.830(5), Lion's Den could no more place "Vote Democrat" on its sign than it could place "Adult Superstore" there. The on-site exception works the same way for noncommercial speech. Under the Act, a Democratic Party headquarters, for example, could erect an on-site sign that said "Vote Democrat."

As *International Outdoor* recently explained, these principles apply even when the speech at issue is commercial. 974 F.3d at 696, 703, 705. Kentucky suggests that the permit sought by International Outdoor would have allowed it to install both commercial and noncommercial billboards, which distinguishes *International Outdoor* from this case, where Lion's Den has erected only a commercial billboard so far. Reply Br. at 5–6. But we treated the

speech in *International Outdoor* as commercial, and that's what counts. 974 F.3d at 696, 703, 705.

Kentucky argues that it does not need to make its own showing that the on-site/off-site distinction satisfies strict scrutiny. It believes that it may instead rely on the City of San Diego's showing about a similar ordinance in *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 508 (1981) (plurality opinion), and on the "accumulated, common-sense judgments of local lawmakers," *id.*, who have distinguished between on-site and off-site billboards. But Kentucky forfeited this argument by failing to make it to the district court. And *Metromedia* applied intermediate scrutiny anyway, the *Central Hudson* test for commercial speech, not strict scrutiny. As for its judgment that a city may draw a distinction between on-site and off-site commercial-speech regulations under *Central Hudson*, that is not this case. The Kentucky Act applies to commercial and non-commercial speech alike, requiring us to apply strict scrutiny to the entire Act and permitting Lion's Den to invoke the overbreadth doctrine in doing so. *See Reed*, 576 U.S. at 171; *Bd. of Trustees of State Univ. of New York v. Fox*, 492 U.S. 469, 482–83 (1989); *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 463 (6th Cir. 2007). We leave for another day whether, after *Reed*, the *Metromedia* judgment still controls the validity of a billboard law that regulates solely commercial speech and draws an on-site/off-site distinction. *See Reagan Nat'l Advert. of Austin, Inc.*, 972 F.3d at 707–08.

Amicus Scenic Kentucky maintains that we can sever the on-site exception from the rest of the Act. Kentucky has never asked for severance, and we do not typically decide issues raised only by a nonparty. *Self-Ins. Inst. of Am., Inc. v. Snyder*, 827 F.3d 549, 560 (6th Cir. 2016). If the Bluegrass State wanted us to sever the exception, it presumably would have briefed the issue in its reply, after Lion's Den and Scenic Kentucky debated severance in their briefs. The State did not. It forfeited any severance argument. *See Thomas*, 937 F.3d at 729. The district court enjoined application of the Billboard Act solely as to Lion's Den. It did not issue a "universal" injunction prohibiting enforcement as to other parties not before the court. We can save the severance question for a case in which a party has raised the issue, and its resolution matters to the outcome.

We affirm.